## (May 9, 1972)

■  In the Matter of the Claim of ELOISE COE, Appellant, v. HOUSE INSIDE, LTD., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the claimant from decisions of the Workmen's Compensation Board determining that her accidental injuries arose out of and in the course of employment. On May 24, 1967 claimant, an office worker, suffered injuries when she fell from a delivery truck owned by her employer while on her way home for lunch. Claimant filed a claim for compensation and also started an action in the Supreme Court against the employer for negligence. Despite claimant's consistent request that a decision on the compensation claim be withheld pending the determination of the civil action, the board proceeded to decide the case finding that the accident arose out of and in the course of employment. This decision, of course, barred claimant's civil

action. She thereupon appealed the board's decision to this court and we dismissed her appeal on the ground that she was not an aggrieved party (35 A D 2d 1039). Our holding was thereafter reversed by the Court of Appeals (29 N Y 2d 241, 246), and the case was remitted to this court for a determination "on the merits of her appeal". Obviously this instruction could be construed to mean that we are to decide the ultimate question of the propriety of the board's decision that her injuries arose out of and in the course of employment. However, in his opinion Judge Bergan writes: "A claim having been filed by claimant and not withdrawn the Workmen's Compensation Board undoubtedly had the legal power and could exercise a discretion not to withhold decision even against the objection of the claimant. The ultimate law question would thus be whether on such a record as that presented here the usual policy of the board has been to withhold decision pending outcome of the civil action on request of claimant; or to accede to the request of a carrier responsible both for an award and a judgment to make an immediate determination of the claim. If the board has routinely granted similar requests to claimants, its refusal to do so in this case, unless justified by special circumstances, could be regarded as arbitrary." (29 N Y 2d 241, 245.) The Referee decided the case was "Closed without prejudice pending outcome of civil action" and Judge Bergan suggests in his opinion that "this seems to be the usual way in which requests by claimants to pursue civil actions are handled by the board." (29 N Y 2d at 244.) However, this we do not know and as Judge Bergan also points out, this question cannot be determined on the instant record. In our opinion, until this fundamental issue of the propriety of the board's refusal to withhold its decision is answered, this court should not reach the merits. Accordingly, the matter should be returned to the Workmen's Compensation Board for appropriate further proceedings to develop the record as to this issue and then render a decision on this aspect of the case. Decision reversed, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.